Physical Therapy — Rest Home — Incorporation A corporation formed for the purpose of providing physical therapy services is not formed for a lawful purpose within the meaning of 18 O.S. 1.9 [18-1.9] (1961), and such a corporation cannot be issued a Certificate of Incorporation under the Professional Corporation Act. A corporation formed for the purpose of establishing and operating a nursing home is within the meaning of Section 1.9, supra. The Attorney General has had under consideration your letter dated July 30, 1968, wherein you in effect ask the following questions: Is the proposed purpose of a corporation "to furnish services to patients in need of physical therapy; and to generally indulge in the business of rehabilitation of the body from injuries both physical and from disease" a lawful purpose within the meaning of 18 O.S. 1.9 [18-1.9] (1961)? If the answer is in the negative, does the proposed corporation fall within the meaning of a Professional Corporation Act, 18 O.S. 801 [18-801] — 18 O.S. 819? May a Certificate of Incorporation be lawfully issued to the proposed corporation in view of the quoted purpose? Your second line of inquiry is as follows: "May a corporation be formed within the meaning of 18 O.S. 1.9 [18-1.9] (1961) with a stated purpose `to construct and operate a nursing home, convalescent center, hospital or other facility for the care of persons requiring medical attention and nursing care, and to provide all services required for the health, welfare, and enjoyment of such persons?' If your answer is negative, does a proposed corporation with such a purpose fall within the meaning of the Professional Corporation Act, 18 O.S. 801 [18-801] — 18 O.S. 819 [18-819] [18-819] (1961)?" Title 18 O.S. 1.9 [18-1.9] (1961), provides that a corporation may be formed for any lawful purpose, unless otherwise specifically prohibited. "Any corporation . . . may be formed hereunder for any lawful purpose or purposes. . . ." In your first line of inquiry, the question arises as to whether or not a proposed corporation formed to "furnish services to patients in need of physical therapy; and to generally indulge in the business of rehabilitation of the body from injuries both physical and from disease" is a corporation formed to practice physical therapy in Oklahoma, and if so, would this corporation be formed for a "lawful purpose" within the meaning of Section 1.9? The definition of physical therapy is found in 59 O S. 887.2(a) (1967): " `Physical Therapy' means any service requiring special education, knowledge, and skill in the treatment of bodily conditions of human beings by the use of physical, chemical, or other properties of exercise, massage, heat, cold, light, water, electricity, or sound, for the purpose of correcting or alleviating any physical and/or mental condition or preventing the development of any physical and/or mental disability, or the performance of tests as an aid to the diagnosis and/or treatment of any human condition, including posture and rehabilitation procedures; excluding, however, diagnosis for therapeutic purposes, the use of roentgen rays for diagnostic and therapeutic purposes, radium for therapeutic purposes, the practice of orthoptics or optometry, and the use of electricity for surgical purposes." The quoted purposes of this corporation are to practice the art of physical therapy as defined in this section. Title 59 O.S. 887.3 [59-887.3] (1967), states that no person may practice physical therapy unless duly registered and licensed in accordance with the provisions of the Physical Therapy Act. "From and after one year from the effective date of this act, no person shall designate himself as a physical therapist, nor practice, nor hold himself as being able to practice physical therapy in the State of Oklahoma, unless duly registered and licensed in accordance with the provisions of this act; provided that nothing in this act shall prohibit any person licensed in the healing arts in this state under any other act from engaging in the practice for which he is duly licensed." Section 59 O.S. 887.16 [59-887.16] provides that it is a crime to violate the provisions of the act. Prior to the passage of the Professional Corporations Act, the question arose as to whether a Certificate of Incorporation could be issued to a corporation formed for the stated purpose of practicing medicine. In an Attorney General's Opinion of July 6, 1960, to the Honorable William N. Christian, then Secretary of State, we held that the certificate could not be issued because only persons duly licensed to practice medicine could lawfully practice medicine. Only an individual person, and not a corporation could receive such a license to practice. A corporation formed for the purpose of practicing medicine would be formed for an unlawful purpose within the meaning of that term in 18 O.S. 1.9 [18-1.9] (1961). This opinion was reaffirmed in a later opinion issued to the Honorable William Christian on November 3, 1960. Reasoning analogously to those opinions, it would be unlawful for a corporation to practice physical therapy unless duly licensed. The qualifications for a license to practice physical therapy are found in Section 59 O.S. 887.6 [59-887.6]. The requirements apply to an individual person. "To be eligible for licensure as a physical therapist an applicant must: "(A). be of good moral character; "(B). have been graduated by a school of physical therapy approved by the board of possess equal qualifications as may be determined by said board; and "1. pass to the satisfaction of the board an examination which shall include a written examination which shall test the applicant's knowledge of the basic and clinical sciences as they relate to physical therapy theory and physical therapy procedures; and such other subjects as the board may deem necessary to test the applicant's fitness to practice physical therapy. Examinations shall be held within the State of Oklahoma at least once per year, at such time and place as the board shall determine; or "2. be entitled to licensure without examination, as provided in Section 9." A corporation could not receive a license to practice physical therapy, and any such practice by a corporation would be unlawful. A Certificate of Incorporation may not be issued under 18 O.S. 1.9 [18-1.9] (1961), to a corporation formed for the purpose of practicing physical therapy because it would be formed for an unlawful purpose. Does this corporation fall within the Professional Corporation Act? 18 O.S. 804 [18-804] (1961), provides: "One or more individuals each of whom is licensed to render a professional service may incorporate a professional corporation by filing Articles of Incorporation with the Secretary of State." A "professional service" as the term is used in this act is defined in 18 O.S. 803 [18-803](b) (1967). "(b) `Professional service' means the personal service rendered by "(i) A physician, surgeon, or doctor of medicine pursuant to a license under 59 O.S. 1951 Sections 481[59-481] [59-481] through 517, as amended, and any subsequent laws regulating the practice of medicine. "(ii) An osteopathic physician or surgeon pursuant to a license under 59 O.S. 1951 Sections 621[59-621] [59-621] through 643, as amended, and any subsequent laws regulating the practice of osteopathy. "(iii) A chiropractor pursuant to a license under 59 O.S. 1951 Sections 161[59-161] [59-161] through 168, as amended, and any subsequent laws regulating the practice of chiropractic. "(iv) A chiropodist-podiatrist pursuant to license under 59 O.S., Chapter 4, as amended (59 O.S.Supp. 1959 Sections 136[59-136] [59-136] through 159.5, as amended) and any subsequent laws regulating the practice of chiropody. "(v) An optometrist pursuant to a license under 59 O.S. 1951 Sections 581[59-581] [59-581] through 606, as amended, and any subsequent laws regulating the practice of optometry. "(vi) A veterinarian pursuant to a license under 59 O.S. 1951 Sections 676[59-676] [59-676] through 697, as amended, and any subsequent laws regulating the practice of veterinary medicine. "(vii) An architect pursuant to a license under 59 O.S. 1951 Sections 45.1[59-45.1] [59-45.1] and 45.24 [59-45.24], as amended, and any subsequent laws regulating the practice of architecture. "(viii) An attorney pursuant to his authority to practice law granted by the Supreme Court of the State of Oklahoma." The providing of the service of physical therapy is not within this statute. It is the opinion of the Attorney General that a corporation formed for the purpose of providing physical therapy services is not formed for the lawful purpose within the meaning of 18 O.S. 1.9 [18-1.9] (1961), and such a corporation cannot be issued a Certificate of Incorporation under the Professional Corporation Act. We will not look at your second inquiry. May a corporation be formed for the stated purpose to: "Construct and operate a nursing home, convalescent center, hospital or other facility for the care of persons requiring medical attention and nursing care, and to provide all services required for the health, welfare, and enjoyment of such persons?" 63 O.S. 1.801 [63-1.801] (a) (1967), defines a "nursing home" as follows: "(a) The term "nursing home" means any home, establishment or institution in which there is offered or provided, by any person, medical services, skilled nursing care, necessary special dietary service, and personal care and supervision to three or more persons domiciled therein who by reason of physical or mental infirmity may require such service." The stated purpose of this corporation falls within the statutory definition of a nursing home. Is the construction and operation of a nursing home a lawful purpose within the meaning of 18 O.S. 1.9 [18-1.9] (1961)? Title 63 O.S. 1-802 [63-1-802](a) (1967), states: "No person shall establish, conduct, or maintain in the State of Oklahoma any nursing home, rest home, or specialized home within the meaning of this Article without first obtaining a license therefor in the manner hereinafter provided." Title 63 O.S. 1-803 [63-1-803] (a), makes it unlawful to operate a nursing home without a license. The requirements for a license are found in 63 O.S. 1-803 [63-1-803](b) (1967). This section recognizes applications for licenses from corporations. "Before a license shall be issued under this Article to operate a rest home, nursing home or specialized home, the person applying, if an individual, shall submit evidence satisfactory to the Commissioner that he is not less than twenty-one years of age, of reputatable and responsible character, and in sound physical and mental health. In the event the applicant is an association, corporation, or governmental unit, like evidence shall be submitted as to the officers thereof (or the executive officer and governing board of a governmental unit) and all persons having charge, direction or supervision of the home or institution. . . ." The procedure for applying for a license is set out in Section 1-804, and again provisions are made for an application by a corporation. Thus, under the laws of this state, a corporation may lawfully establish and operate a nursing home as long as the corporation operates under a license granted in accordance with 18 O.S.Supp. 1967, Sections 1-801[18-1-801] through 1-812. For the reasons set out above, it is the opinion of the Attorney General that a corporation formed for the stated purpose of establishing and operating a nursing home is formed for a lawful purpose within the meaning of 18 O.S. 1.9 [18-1.9] (1961). (Charles L. Owens)